**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **OVERLOOK MUTUAL HOMES, INC.** | : | |
| **61 Colin Kelly Drive** | | |
| **Riverside, Ohio 45431** | : | |
| | | |
| **Plaintiff,** | : | **CASE NO. _____** |
| | | |
| **vs.** | : | |
| | | |
| **VICKIE L. SPENCER** | : | |
| **51 Halsey Drive** | | |
| **Riverside, Ohio 45431** | : | |
| | | |
| **and** | : | |
| | | |
| **VICKIE L. SPENCER, as parent and** | : | **JUDGE: _____** |
| **natural guardian of LYNSEY SPENCER** | | |
| **51 Halsey Drive** | : | |
| **Riverside, Ohio 45431** | | |
| | : | |
| **Defendants.** | | |

Now comes the Plaintiff, Overlook Mutual Homes, Inc. ("Overlook"), and for its complaint for declaratory judgment against Defendants, sets forth the following claims and averments, to-wit:

**PARTIES, JURISDICTION AND VENUE**

1.       Overlook is an Ohio non-profit corporation located in the city of Riverside, Montgomery County, Ohio.  Overlook is a mutual housing corporation organized in 1956 under the General Corporation Act of Ohio and R.C. § 3735.62.  Overlook is operated by its members, all of whom are residents living at the property owned by the housing corporation.  The members elect a Board of Trustees, in accordance with Overlook's Code of Regulations, to govern the operation of the housing corporation.  The Board of Trustees is authorized to make necessary rules and regulations, and exercise all the powers of the corporation.

2.      Defendant Vickie L. Spencer ("Ms. Spencer"), is a member and resident of Overlook, occupying the dwelling located at 51 Halsey Drive, Riverside, Ohio 45431. In June 1987, Ms. Spenser executed an assignment of the Overlook mutual ownership contract, agreeing to abide by the Overlook rules and regulations approved by the Board of Trustees, and providing her with rights to occupy her dwelling so long as she abides by the Overlook rules and regulations.

3.      Defendant Lynsey Spencer ("Ms. Lynsey Spencer"), through her parent and natural guardian Vickie L. Spencer, is a minor and family member living with Ms. Spencer at Overlook. Ms. Lynsey Spencer is alleged to be disabled within federal and state laws defining housing discrimination on the basis of disability.

4.      Subject-matter jurisdiction of this Court is conferred pursuant to the provisions of 28 U.S.C. §1331 and § 2201, and 42 U.S.C. § 3601 *et seq.*

5.      This action is proper in the Southern District of Ohio, Western Division at Dayton, pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 3613(a)(1)(A), and S.D. Ohio L.R. 82.1, because the controversy subject of this action for declaratory judgment arose in this judicial district, and the Defendants reside in this District in a county embraced by this Division.

## BASIS OF DISPUTE

6.      As a mutual housing corporation, the Board of Trustees, decided many years ago to adopt a "no pet" rule. Based on practical experience, the Board of Trustees determined the Overlook "no pet" rule is necessary to maintain health and sanitary standards in a densely populated housing community. Overlook must be responsible to its residents to assure that no individual resident is

attempting to improperly circumvent this regulation.  The Board of Trustees has consistently upheld enforcement of the no pet rule for the well being of its members, with the only permitted exception for service animals in accommodation of a disability.

7.      Pursuant to the Overlook membership rules and regulations, General Rule 6, all pets (other than indoor birds and fish) are prohibited at Overlook.  However, in accordance with law, Overlook membership rules and regulations permit a waiver of the no pet rule for qualified individuals with a disability who require a service animal.  Individuals seeking to apply for waiver of the no pet rule are requested to contact management for a waiver form.  Requests for waiver of the no pet rule are considered and decided by the Board of Trustees.

8.      For many years Ms. Spencer has sought to evade the no pet rule, and has received warnings from the Board of Trustees thwarting those efforts.  Most recently, in April 2007, Ms. Spencer received a written warning notifying her that she had been discovered keeping a dog on the premises, in violation of the Overlook membership rules and regulations.  In response, Ms. Spencer submitted an affidavit stating that the dog she had been attempting to secretly keep at her residence had been permanently removed.

9.      Overlook first received notification that Ms. Lynsey Spencer was alleged to be disabled by letter dated August 1, 2007, signed by Jim McCarthy, President and CEO of the Miami Valley Fair Housing Center, Inc.  Mr. McCarthy stated he was undertaking to represent Ms. Spencer and Ms. Lynsey Spenser, alleging that Ms. Lynsey Spencer is receiving psychological counseling, and that her psychologist had recommended that she be permitted to have a "companion/service" dog as an accommodation for her condition.

10.     Enclosed with Mr. McCarthy's letter was a letter dated June 7, 2007, from Miriam E. Hoefflin, M.A., stating that Ms. Hoefflin was providing psychological counseling services for Ms. Lynsey Spencer, and that she had conducted a psychological evaluation of Ms. Lynsey Spencer.  Ms. Hoefflin further stated that she had researched "American Disabilities" guidelines, and had "learned it is appropriate to request a variance for this client to have a service dog residing in her residence to facilitate her therapeutic treatment."

11.     Pursuant to Overlook policy, Ms. Spencer was requested to submit a waiver request to the Board of Trustees.  By letter dated August 23, 2007, Mr. McCarthy stated that Ms. Spencer would comply with the request to submit a waiver form.  Mr. McCarthy then tried to explain why Ms. Spencer had given Overlook a false affidavit stating that the dog had been permanently removed. Thereafter, Mr. McCarthy stated that the Fair Housing Center does not believe that Overlook is entitled to the diagnosis of Ms. Lynsey Spencer's medical condition, asserting that Overlook is not permitted to inquire into the nature or severity of Ms. Lynsey Spencer's disability.  Mr. McCarthy then alleged that Ms. Lynsey Spencer is being treated for "anxiety disorder and other neurological and emotional conditions that impact her ability to care for herself and learn, both of which are of central importance to her daily life, and thus are clearly recognized as 'major life activities'."

12.     By Mr. McCarthy's August 23, 2007 letter, he asserts that there is no distinction between a service animal and a companion animal.  Mr. McCarthy further stated the dog subject of the request is "Lynsey Spencer's companion animal, and does not provide any specific service to Lynsey Spencer, nor does he accompany her to school.  The dog has received no specific training as a service animal since he is not a service animal."  According to Mr. McCarthy, Overlook is required to

accommodate Ms. Spencer's request for a companion animal, regardless as to whether the companion animal qualifies as a service animal.

13.     On August 31, 2007, Ms. Spencer submitted her waiver request to Overlook, asking to be permitted to keep a dog on the premises, and acknowledging that the dog has received no special training, but "ameliorates the effects of Lynsey's condition through its presence and interaction with her." Ms. Spencer's waiver request was considered by the Board of Trustees on September 4, 2007. The Board of Trustees determined that additional information is necessary before reaching a decision with respect to Ms. Spencer's waiver request.

14.     To provide the Board of Trustees with sufficient information needed to properly decide Ms. Spencer's waiver request, copies of Ms. Lynsey Spencer's medical and school records were requested. In response to Mr. McCarthy's objections, Overlook limited the request to an initial review of the counseling records maintained by Ms. Hoefflin, reserving the right to review additional records until sufficient information is provided to determine whether Ms. Lynsey Spenser is disabled, as defined by law. In response, Mr. McCarthy informed Overlook that detailed information about Ms. Lynsey Spenser's disability is not necessary, and that Ms. Spencer refuses to provide the requested psychological counseling and medical records.

15.     Ms. Lynsey Spenser has no apparent disability, seems to interact normally with other children, plays soccer, does not need her companion animal at school, and is not generally regarded as disabled. In response to Overlook's request for medical information, Mr. McCarthy has filed

housing discrimination charges with the Ohio Civil Rights Commission, and has threatened to file suit. Counsel retained on behalf of Ms. Spencer and the Miami Valley Fair Housing Center has threatened to "vigorously oppose that access [to Ms. Lynsey Spencer's medical records] either through the Ohio Civil Rights Commission complaint that has already been filed, or by an original action in federal court."

## CLAIM FOR DECLARATORY RELIEF

16.     Overlook hereby incorporates by reference the foregoing allegations as if fully rewritten herein, and further states that:

17.     Ms. Lynsey Spencer has no apparent disability. In order to evaluate Ms. Spencer's request for waiver of the no pet rule, Overlook has requested Ms. Spencer's psychologist to provide records to allow Overlook to evaluate whether Ms. Lynsey Spencer is disabled within the meaning of the law. Pursuant to the Fair Housing Act, a person requesting an accommodation on the basis of disability is obligated to provide sufficient information to confirm that a disability exists as part of the dialogue required to reach a reasonable accommodation. Until Ms. Spencer has provided medical information sufficient to allow Overlook to determine whether Ms. Lynsey Spencer is disabled, Overlook has no obligation to provide the requested accommodation.

18.     Pursuant to federal and state regulations, waiver of Overlook's no pet rule to permit a service animal may constitute a reasonable accommodation, if the service animal assists and performs tasks for Ms. Lynsey Spencer's benefit, to help her overcome and deal with a disability. Though the dog

subject of Ms. Spencer's accommodation request is a pet and companion for Ms. Lynsey Spencer, the dog is not a service animal as defined by law, and does not qualify as a reasonable accommodation for purposes of waiving Overlook's no pet rule.

WHEREFORE, plaintiff Overlook Mutual Homes, Inc. respectfully demands a declaratory judgment against defendants Vickie L. Spencer, and Vickie L. Spencer as parent and natural guardian of Lynsey Spencer, as follows:

(1)     A declaration that Overlook must be provided with medical and counseling records maintained by Ms. Lynsey Spencer's psychologist to allow Overlook to evaluate whether Ms. Lynsey Spencer is disabled within the meaning of the law.

(2)     A declaration of that Overlook's request to be provided with copies of medical and counseling records maintained by Ms. Lynsey Spencer's psychologist is not a violation of federal or state laws prohibiting housing discrimination;

(3)     A declaration that upon failure of Ms. Spencer to provide sufficient medical and counseling records to allow the Overlook Trustees to determine whether Ms. Lynsey Spencer is disabled as defined by law, Overlook is not obligated to waive its no pet rule and enforce said rule.

(4)     A declaration that the dog subject of the request for waiver of the no pet rule is not a service animal as defined by law, and does not qualify as a reasonable accommodation for purposes of waiving Overlook's no pet rule.

Overlook additionally requests that the Court grant such further relief as the Court deems just and proper.

**COMPLAINT FOR DECLARATORY JUDGMENT**
**PAGE 7**

Respectfully submitted,

WEPRIN FOLKERTH & ROUTH LLC


_____
John R. Folkerth, Jr. (0016366)
Trial Attorney for Overlook Mutual Homes, Inc.
109 North Main Street
500 Performance Place
Dayton, Ohio 45402
(937)260-4202
(937)260-4201 (Facsimile)
jfolkerth@wfrlawyers.com

NOLAN SPROWL & SMITH


_____
Edward M. Smith (0010272)
Attorney for Overlook Mutual Homes, Inc.
109 North Main Street
500 Performance Place
Dayton, Ohio 45402
(937)228-7104
(937)461-8892 (Facsimile)
esmithnss@fuse.net

## CERTIFICATE

I hereby certify that a true copy of the foregoing, along with NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS, and WAIVER OF SERVICE OF SUMMONS, including a stamped, self addressed envelope for return have been mailed to counsel for defendants Vickie L. Spencer and Vickie L. Spencer, as parent and legal guardian of Lynsey Spencer, 51 Halsey Drive, Riverside, Ohio 45431, by certified United States mail, return receipt requested, on this 18th day of October, 2007.


_____
John R. Folkerth, Jr.

**COMPLAINT FOR DECLARATORY JUDGMENT**
**PAGE 8**