IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **OVERLOOK MUTUAL HOMES, INC.** | * | CASE NO. 3:07-cv-0398 |
| Plaintiff, | | Judge Walter H. Rice |
| | | Magistrate Judge Sharon Ovington |
| vs. | * | |
| **VICKIE L. SPENCER, Individually and as parent and natural guardian of LYNDSEY SPENCER** | * | |
| Defendants/Counterclaim Plaintiffs | | **FINAL PRETRIAL ORDER** |
| and | * | |
| **JOEY SPENCER,** | | |
| Counterclaim Plaintiff | * | |

I.  **APPEARANCES:**

   **For Plaintiff/Counterclaim Defendant:**

   **Gordon D. Arnold**
   Freund, Freeze & Arnold, LPA
   1800 One Dayton Centre
   1 South Main Street
   Dayton, Ohio 45402-2017
   Attorney for Overlook Mutual Homes, Inc.

   **John R. Folkerth, Jr.**
   Weprin, Folkerth & Routh
   109 North Main Street
   500 Performance Place
   Dayton, Ohio  45402
   Attorney for Overlook Mutual Homes, Inc.

**Edward M. Smith**
Nolan, Sprowl & Smith
109 North Main Street
500 Performance Place
Dayton, Ohio  45402
Attorney for Overlook Mutual Homes, Inc.

**For Defendants/Counterclaim Plaintiffs:**

**Stephen M. Dane/Michael Allen**
Relman & Dane
1225 Nineteenth Street, N.W.
Suite 600
Washington, D.C.  20036
Attorneys for Defendants/Counterclaim Plaintiffs,
Vickie Spencer, Joey Spencer, and Lynsey Spencer

II. <u>**NATURE OF ACTION AND JURISDICTION:**</u>

A. Plaintiff/Counterclaim Defendant Overlook Mutual Homes, Inc. is seeking declaratory relief.  Defendants and Counterclaim Plaintiffs are seeking declaratory relief, and monetary, statutory and punitive damages under 42 U.S.C. §§ 36139c)(1) and O.R.C. § 4112.051.

B. The jurisdiction of the Court is invoked under Title 28, United States Code, Section 1331.  Supplemental jurisdiction is invoked under Title 28, Section 1367.

C. The subject matter jurisdiction of the Court is not disputed.

III. <u>**TRIAL INFORMATION:**</u>

A. The estimated length of trial is two to three days.

B. Trial is scheduled for Monday, July 20, 2009, pursuant to the General Order on Trial Assignment.

IV. <u>**AGREED STATEMENTS AND LISTS:**</u>

A. **General Nature of the Claims of the Parties**:

**PLAINTIFF'S CLAIMS:**

(**1**) Overlook's request for the records of Miriam Hoefflin is not a violation of federal or state laws prohibiting housing discrimination.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

**(2)** Unless the Spencers provide sufficient medical and counseling records, Overlook is not obligated to waive its no pet rule.

**(3)** The Spencers' "companion dog" is not a service animal as defined by law, and does not qualify as a reasonable accommodation and the Spencers have not established Lynsey is disabled.

**DEFENDANTS CLAIM:**

**(1)** Overlook discriminated against them on the basis of Lynsey Spencer's disability, in violation of the federal Fair Housing Act (42 USC§3601 et seq.) and the Ohio Fair Housing Act (O.R.C. § 4122.02(H)) by, among other things, failing to grant her request for a reasonable accommodation of keeping an emotional support dog.

**(2)** Overlook was negligent in that it failed to operate its housing program free from unlawful discrimination, and failed to hire, train, supervise and discipline its employees and agents to fulfill that duty.

**B.    Uncontroverted Facts**

The following facts are established by admissions in the pleadings or by stipulations of attorneys:

- Overlook Mutual Homes, Inc., ("Overlook") is a private, non-profit corporation operated by its members.

- The Spencers (Vickie, Joey and their daughter, Lynsey) are residents of Overlook Mutual Homes, Inc.

- The no pet rule at Overlook was established to maintain health and sanitary standards in a densely populated housing community.

- Overlook has waiver forms available for those individuals who wish to apply for waiver of the no pet rule.

- In June 1987, Vickie Spencer executed an assignment of the Overlook mutual ownership contract, agreeing to abide by the Overlook rules and regulations.

- The Spencers violated Overlook's pet rule when they obtained a black cat in 1987.

- The Spencers obtained a dog to live in their apartment at Overlook in approximately October 2005.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

- In April 2007, Overlook discovered the Spencers were keeping a dog in violation of the no pet rule.

- On April 15, Vickie Spencer submitted a sworn affidavit to Overlook saying the Spencers removed the dog from their apartment.

- In July 2007, Vickie Spencer spoke with individuals at the Miami Valley Fair Housing Center about Lynsey's need for a dog.

- In August 2007, the Spencers brought the dog back into their apartment to live, and the dog has resided in the Spencers' Overlook apartment ever since.

- On August 31, 2007, Vickie Spencer requested a waiver of the no pet rule because of an alleged disability of her daughter, Lynsey Spencer, claiming Lynsey needed a companion dog to accommodate the alleged disability.

- Overlook requested additional information to verify these claims from the Spencers.

- Overlook has been seeking the medical records of Lynsey Spencer since August of 2007.

- On August 23, 2007, the Miami Valley Fair Housing Committee sent a letter to Overlook saying Overlook was not entitled to the documents and information requested.

- On September 11, 2007, Overlook wrote to MVFHC to advise that Ms. Spencer's application for waiver will remain pending until Overlook was able to review the appropriate records pertaining to Lynsey's alleged disability.

C. **Issues of Fact and Law**

   (1) **CONTESTED ISSUES OF FACT:**

   - The parties contest all issues of fact except those in Section IV.B., supra.

   (2) **CONTESTED ISSUES OF LAW:** The contested issues of law in addition to those implicit in the foregoing issues of fact are:

4

  **(a)**  **Overlook Mutual Homes, Inc.**

- Whether a waiver of the "no pet" policy is a "reasonable accommodation" under the FHA?

- Whether Lynsey Spencer qualifies as disabled under the federal definition?

- Whether the Spencers have established the nexus between the alleged disability and the requested "reasonable accommodation?"

- Whether the Spencers' dog qualifies as a service animal under the federal definition?

- Whether a service animal is required to have training to qualify as a service animal?

- Whether the dog is a reasonable accommodation under federal law?

  **(b)**  **Vickie, Lynsey and Joey Spencer**

- Whether Overlook has engaged in good faith in an interactive dialogue about the appropriate means of meeting Lynsey Spencer's disability-based need for an accommodation to the "no pet" rule?

- Whether, consistent with the Fair Housing Act and the Ohio Fair Housing Act, Overlook can unilaterally disregard or override the professional opinion of Lynsey Spencer's psychologist that her disability makes it necessary for her to have an emotional support dog?

**D.** **Witnesses**

**(1)** Plaintiff will call or will have available for testimony at trial those witnesses listed in **Appendix A**.

**(2)** Defendant will call or will have available for testimony at trial those witnesses listed on **Appendix B**.

**(3)** The parties reserve the right to call rebuttal witnesses whose testimony could not reasonably be anticipated without notice to opposing lawyers.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

**INSTRUCTIONS:**

**(1)** Leave to call additional witnesses may be granted by the Court in unusual circumstances. Lawyers seeking such leave must file a Motion to Add Witnesses and serve a copy upon opposing lawyer with names, addresses, and an offer of proof of such witness testimony within twenty-four (24) hours after the need to call such witness becomes known.

**(2)** The witnesses need not be called in the order listed.

**E.   Expert Witnesses**

Parties are limited to the following expert witnesses, including treating physicians, whose names have been disclosed and reports furnished to the other side.

**Plaintiff**
William R. Arnold, Ph.D.
118 North Second Street
Fairborn, Ohio 45324

**Defendants**
Miriam Hoefflin, M.A.
1350 Woodman Drive
Dayton, Ohio 45432

**F.   Exhibits**

The parties will offer as exhibits those items listed as follows:

**(1)   Joint Exhibits**

The parties may offer as Joint Exhibits those items listed on **Appendix C**.

**(2)   Plaintiff's Exhibits**

This Plaintiff may offer as Exhibits, those items listed on **Appendix D**.

**(3)   Defendants' Exhibits**

These Defendants may offer as Exhibits, those items listed on **Appendix E**.

6

### G. Discovery:

Discovery is complete.

### H. Pending Motions:

The following motions are pending at this time:

**(1) Pending Motions**

Pending before this Court is the Motion for Summary Judgment of the Plaintiff filed January 7, 2009.  Overlook moved for summary judgment in its favor on all claims in the Complaint and Counterclaim arguing (a) that the request of Overlook for records of Lynsey Spencer was in accord with federal and state law regarding housing discrimination, (b) the medical and counseling records of Lynsey do not establish a disability requiring Overlook to waive its no pet rule for Lynsey, (c) the Spencers' dog is a pet rather than a service animal, (d) there were no violations of the Fair Housing Act or Ohio Fair Housing Act, and (e) Overlook has not been negligent in regards to its treatment of the Spencers, and there has been no harm to the Spencers by Overlook seeking guidance in the court system.

**(2) Motions in Limine**

Plaintiff filed a Motion in Limine prohibiting any testimony or reports by psychologist, Miriam E. Hoefflin, M.A., on January 7, 2009.  Overlook's Motion in Limine was based on the grounds that Ms. Hoefflin's proposed opinions are invalid under applicable law and lack the validity or reliability required by Fed. R. Evid. 104(a) and 702.

Decision on this matter may affect the content of the pretrial order and the parties reserve the right to request modifications of this pretrial order as necessary upon any later decision.

## V. MODIFICATON:

This final pretrial order may be modified at the trial of this action or before, to prevent manifest injustice.  Such modification may be made by application of lawyers, or on motion of the Court.

## VI. SETTLEMENT EFFORTS:

The parties have made a good faith effort to negotiate a settlement. The parties participated in mediation with Magistrate Judge Sharon Ovington on September 10, 2008, but did not reach an agreement to settle this case.

## VII. TRIAL BY JURY:

### INSTRUCTIONS:

The parties will separately submit proposed jury instructions, including any interrogatories, special verdict forms, and an index of the jury instructions no later than one week before the commencement of trial. The parties reserve the right to submit supplemental requests for instructions during trial, or at the conclusion of the evidence, but only on matters that arose at trial and could not be reasonably anticipated.

**IT IS SO ORDERED.**

_____

WALTER H. RICE
United States District Judge

| | |
|---|---|
| /s/ Gordon D. Arnold | /s/ Michael Allen_____ |
| Attorneys for Plaintiff | Attorneys for Defendants |
| Gordon D. Arnold #0012195 | Stephen M. Dane #0013057/Michael Allen |
| FREUND, FREEZE & ARNOLD, LPA | Relman & Dane |
| 1800 One Dayton Centre | 1225 Nineteenth Street, N.W. |
| 1 South Main Street | Suite 600 |
| Dayton, Ohio 45402-2017 | Washington, D.C. 20036 |
| Dayton, Ohio 45402-2017 | Attorneys for Defendants/Counterclaim |
| Phone: (937) 222-2424 | Plaintiffs, Vickie Spencer, Joey Spencer, |
| Fax: (937) 222-5369 | and Lynsey Spencer |
| E-Mail: garnold@ffalaw.com | |
| Attorney for Plaintiff/Counterclaim Defendant | |
| Overlook Mutual Homes, Inc. | |

John R. Folkerth, Jr.
Weprin, Folkerth & Routh
109 North Main Street
500 Performance Place
Dayton, Ohio 45402
Attorney for Overlook Mutual Homes, Inc.

8

Edward M. Smith
Nolan, Sprowl & Smith
109 North Main Street
500 Performance Place
Dayton, Ohio  45402
Attorney for Overlook Mutual Homes, Inc.