IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

OVERLOOK MUTUAL HOMES, INC.,          :

   Plaintiff,                                             :
                                                  Case No. 3:07cv398
     vs.                                                    :
                                                  JUDGE WALTER HERBERT RICE
VICKIE L. SPENCER,                               :

   Defendant,                                        :

     and                                                 :

JOEY SPENCER, et al.,                          :

   Counterclaim-Plaintiffs.                      :

---

DECISION AND ENTRY OVERRULING, WITHOUT PREJUDICE TO RENEWAL AT THE CONCLUSION OF THE APPELLATE PROCESS, COUNTERCLAIM PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS (DOC. #62)

---

This litigation comes before the Court on the request of the Counterclaim Plaintiffs (hereafter "the Spencers) for attorney's fees and costs. See Doc. #62. Therein, the Spencers allege that they were the prevailing parties in this litigation, even though the Court entered judgment as a matter of law against them. The issue of whether they were the prevailing parties is hotly contested by the Plaintiff. Indeed, whether the Spencers' were the prevailing parties is questionable at best. See Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health &

- 2 -

Human Resources, 532 U.S. 598, 604 (2001) (holding that only "enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees"). It thus appears that an award of attorney's fees cannot be based upon the premise that the plaintiff was the prevailing party, because his lawsuit was the catalyst to the alteration of the legal relationship of the parties.

The Spencers have appealed the entry of judgment as a matter of law against them to the Sixth Circuit Court of Appeals. If the Sixth Circuit should reverse the Court's entry of judgment as a matter of law, a holding by this Court that the Spencers were not the prevailing parties would have to be vacated. Therefore, the Court concludes that the better course is to await the completion of the appellate process, before deciding whether the Spencers were the prevailing parties and, as a consequence, entitled to an award attorney's fees and costs.

Accordingly, the Court overrules Counterclaim Plaintiffs' Motion for an Award of Attorney's Fees and Costs (Doc. #62), without prejudice to renewal at the conclusion of the appellate process.

September 27, 2010

　　　　　　　　　　　　　　　　　　／s／ Walter Herbert Rice
　　　　　　　　　　　　　　　　　　WALTER HERBERT RICE, JUDGE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.