IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

OVERLOOK MUTUAL HOMES, INC.,        :

    Plaintiff,                          :
                                              Case No. 3:07cv398

    vs.                                 :
                                              JUDGE WALTER HERBERT RICE

VICKIE L. SPENCER, et al.,          :

    Defendants and Counterclaim         :
    Plaintiffs                          :

    and                                 :

JOEY SPENCER,                       :

    Counterclaim Plaintiff.             :

---

DECISION AND ENTRY OVERRULING COUNTERCLAIM PLAINTIFFS'
RENEWED MOTION FOR AN AWARD OF ATTORNEY'S FEES AND
COSTS (DOC. #79); DECISION AND ENTRY OVERRULING, AS MOOT,
PLAINTIFF'S MOTION TO DISCLOSE FEE AGREEMENTS AND TO
STRIKE MEDIATION REFERENCE (DOC. #81)

---

This litigation comes before the Court on the renewed request of the

Counterclaim Plaintiffs ("the Spencers") for attorney's fees and costs from Plaintiff

Overlook Mutual Homes, Inc ("Overlook"). See Doc. #79. With that motion, they

seek an award of in attorney's fees and costs in the sum of $169,049.48.

Therein, the Spencers allege that they prevailed in this litigation, even though this

Court entered judgment as a matter of law against them on July 29, 2009,[1] and the Sixth Circuit subsequently affirmed that judgment. See Overlook Mutual Homes, Inc. v. Vickie Spencer, 2011 WL 285253 (6th Cir. 2011). The issue of whether the Spencers were the prevailing parties is hotly contested by Overlook. As a means of analysis, the Court will initially rule on the Spencers' request for an award of attorney's fees, following which it will turn to their entitlement to recover costs.

## I. Attorney's Fees

The Spencers seek to recover attorney's fees in the amount of $166,821.50, alleging that they were the prevailing parties in this litigation. The genesis of the Spencers' contention that they prevailed is this Court's Decision overruling Overlook's Motion for Summary Judgment (Doc. #32). See Doc. #48. In that Decision, this Court rejected Overlook's assertion that its determination to enforce its no pet rule and concomitant refusal to permit Lynsey Spencer to retain her emotional support dog, Scooby, did not violate the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq.[2] Rather, the Court, relying upon guidance supplied by the Department of Housing and Urban Development ("HUD"), held that the provisions in the FHA which require reasonable accommodations were not limited to "service animals," as that term is defined by regulations adopted under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.[3] Thus, the

---

[1]The Court had announced its ruling in open court on July 24, 2009.

[2]Lynsey Spencer is the daughter of Vickie and Joey Spencer.

[3]Those regulations define "service animals" to include seeing eye dogs.

- 2 -

Court concluded that liability under the FHA could be imposed upon Overlook, if it forced the Spencers to choose between getting rid of Scooby or being evicted, and denied its request for summary judgment. Id.

This matter went to trial, and, as indicated, the Court entered judgment as a matter of law in favor of Overlook. According to the Spencers, after this Court had granted judgment as a matter of law in favor of Overlook, its counsel informed their counsel that Overlook had approved the Spencers' request for a waiver of the no pet rule and that it was adopting new regulations concerning that rule.

The Spencers' renewed request for an award of attorney's fees is governed by the Supreme Court decision in Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001). Therein, the operator of assisted care homes filed suit against the West Virginia Department of Health & Human Resources and others, alleging that it had violated the FHA, as amended by the Fair Housing Act Amendments, and the ADA by enforcing a state statute that required all residents of such a facility to be "self-reliant," (i.e., "capable of moving themselves from situations involving imminent danger, such as a fire").[4] Id. at 600. The plaintiff sought only injunctive relief. After the plaintiff had filed suit, the West Virginia statute was amended to eliminate the self-preservation requirement, thus mooting the litigation. Thereafter, the plaintiff sought an award of attorney's fees under the FHA and the ADA, both of which provide for the award of such fees to the "prevailing party." The plaintiff argued that it was entitled to an award of attorney's fees under the "catalyst theory,"

---

[4]The state fire marshal had determined that some of the plaintiff's residents were not "self-reliant" and had issued a cease and desist order.

which holds that the plaintiff is the prevailing party entitled to fees, if the lawsuit brought about the desired result through a voluntary change in the defendant's behavior. The Buckhannon Court rejected that proposition, holding that only "enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." Id. at 604 (internal quotation marks and citation omitted).

The Spencers have cited a number of cases which they argue demonstrate that they prevailed in this litigation and are entitled to an award of attorney's fees. Those decisions do not cause this Court to conclude that Buckhannon has been overruled. For instance, the Spencers argue that the decision of the Supreme Court in Sole v. Wyner, 551 U.S. 74 (2007) establishes the standard for prevailing party status. Therein, the Court wrote that "'[t]he touchstone of the prevailing party inquiry,' this Court has stated, is 'the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" Id. at 82 (quoting Texas State Teachers Assn. v. Garland Independent School Dist., 489 U.S. 782, 792–93 (1989)). Both Sole and Garland involved fee requests by the prevailing party under 42 U.S.C. § 1988, in lawsuits brought under 42 U.S.C. § 1983. In Sole, Wyner brought a lawsuit, seeking injunctive relief to permit nude sunbathing on a portion of a public beach. Although the District Court entered a preliminary injunction in favor of Wyner, to permit her to create a nude peace symbol without state interference, the District Court subsequently entered summary judgment in favor of the defendants. Nevertheless, the District Court awarded attorney's fees to Wyner, and the Court of Appeals affirmed. The

- **4** -

Supreme Court reversed, indicating that Wyner had not become the prevailing party as a result of obtaining a preliminary injunction. Id. at 86. In addition, the Sole Court indicated that its decision was consistent with Buckhannon. Id. at 82 n. 3. Therefore, this Court concludes that Sole did not establish a different standard than Buckhannon. Indeed, the Sixth Circuit has held that to be accorded prevailing party status, a plaintiff must meet the Buckhannon test. Radvansky v. City of Olmsted Falls, 496 F.3d 609, 619-20 (6th Cir. 2007) (obtaining reversal of an adverse decision on summary judgment does not render plaintiff prevailing party when the jury subsequently found in favor of the defendants).

In Garland, state and local teachers' unions and some of their members brought suit under 42 U.S.C. § 1983, alleging that the defendant's policy of prohibiting communications by or with teachers during the schoolday concerning employee organizations violated their First and Fourteenth Amendment rights. After the District Court had granted summary judgment to the defendant, the Fifth Circuit affirmed in part and reversed in part. The Fifth Circuit also entered summary judgment for the plaintiffs on their claims that the defendant's actions in prohibiting teacher-to-teacher discussion of employee organizations during the schoolday and teachers' use of internal mail and billboard facilities to discuss such organizations were unconstitutional. After the Supreme Court had summarily affirmed, the matter returned to the District Court to consider the plaintiffs' entitlement to an award of attorney's fees. The District Court denied the request, because Fifth Circuit precedent required a plaintiff to prevail on the "central issue" in a lawsuit in order to be the prevailing party under 42 U.S.C. § 1988. The Fifth Circuit affirmed, and, upon further appeal, the Supreme Court reversed, writing:

- 5 -

We think the language of Nadeau v. Helgemoe, quoted in our opinion in Hensley, adequately captures the inquiry which should be made in determining whether a civil rights plaintiff is a prevailing party within the meaning of § 1988. If the plaintiff has succeeded on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit," the plaintiff has crossed the threshold to a fee award of some kind. Nadeau[ v. Helgemoe,] 581 F.2d [275] 278-279 [(1st Cir. 1978)]. The floor in this regard is provided by our decision in Hewitt v. Helms, 482 U.S. 755 (1987). As we noted there, "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." Id., at 760. Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. Id., at 760-761; Rhodes v. Stewart, 488 U.S. 1, 3-4 (1988).

489 U.S. at 791-92. This Court does not consider Garland to be contrary to

Buckhannon. Under both decisions, a plaintiff is deemed to be the prevailing party

and entitled to recover attorney's fees, if he obtains some relief on his claim.

Unlike the Spencers herein, the plaintiffs in Garland obtained relief, the grant of

summary judgment in their favor on two of their claims.

If the catalyst theory remained the standard by which the Plaintiffs' request

for an award of attorney's fees would be assessed, this Court would, without

hesitation, conclude that the Spencers are entitled to such an award. However,

this Court is unable to find that they obtained an enforceable judgment on the

merits or a court-ordered consent decrees, as required by Buckhannon. Therefore,

the Spencers did not prevail in this litigation and are not entitled to an award of

attorney's fees.

- **6** -

## II. Costs

The Spencers seek to recover $2,247.98. The award of costs is governed

by Rule 54(d)(1), which provides:

(d) Costs; Attorney's Fees.

(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

A provision in the FHA also permits a court to award costs to the prevailing party.

42 U.S.C. § 3613(c)(2). The items for which costs may be recovered are set forth

in 28 U.S.C. § 1920, which provides, in relevant part:

A judge or clerk of any court of the United States may tax as costs the following:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Spencers have not cited any authority which would support the proposition

that the term "prevailing party" should be given a different meaning in Rule

54(d)(1) than its meaning is fee shifting statutes such as § 3613(c)(2). Therefore,

based upon the Court's reasoning in rejecting the Spencers' request for an award

of attorney's fees, it concludes that Spencers are not entitled to recover their costs

in this litigation.

- 7 -

Based upon the foregoing, the Court overrules Counterclaim Plaintiffs'

Renewed Motion for an Award of Attorney's Fees and Costs (Doc. #79).[5]

February 10, 2012

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[5]As a consequence, the Court overrules, as moot, Overlook's Motion Disclose Fee Agreements and to Strike Mediation Reference (Doc. #81). It bears noting that it was not necessary for this Court to rely on the Spencers' asserted mediation reference when ruling on their request for attorney's fees and costs.